IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC C. BURGIE                                                                                    PLAINTIFF

v.                                         Civil No. 6:20-CV-06013

JEANNIE PIKE, Garland County Circuit                                              DEFENDANTS
Clerk; and JOHN HOMER WRIGHT,
Garland County Circuit Judge

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Eric C. Burgie, proceeds in this matter *pro se*. (ECF No. 1). Currently before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2). The issue is ripe for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff's Complaint and application to proceed *in forma pauperis* (IFP) was filed on January 26, 2021. (ECF Nos. 1, 2). An Order was entered directing the Clerk to provisionally file the Complaint and IFP application. (ECF No. 3). The Order noted that it appears Plaintiff has three or more strikes that would make him ineligible for IFP status under 28 U.S.C. § 1915(g). Plaintiff was given until February 16, 2021 to establish why § 1915(g) does not apply to this action or pay the $350 filing fee and $52 administrative fee for a total of $402. Plaintiff responded to the Court's Order on February 4, 2021. (ECF No. 5).

Plaintiff's Complaint states two causes of action against the Defendants, Jeannie Pike,

Garland County Circuit Clerk, and John Homer Wright, Garland County Circuit Judge. (ECF No. 1). In the first cause of action, Plaintiff asserts that Defendants violated his "first amendment right to petition and access . . . the courts by denying [him] the right to appeal Judge Wright's May 27, 2020, ruling to the Arkansas Supreme Court . . . ." (ECF No. 1 at 15). Plaintiff also argues that Defendants violated his 14th Amendment right "under equal protection and due process clause," contending further his right to have his "illegal sentence" corrected, following a charge of capital murder and aggravated robbery, was hindered by the Defendants. *Id*. In his second cause of action, Plaintiff asserts that Defendants violated his right of access to the courts with respect to an appeal of his state court proceedings in which he argued that his sentence "was illegal." (ECF No. 1 at 16).

## II. DISCUSSION

The PLRA contains a "three strikes" provision, 28 U.S.C. § 1915(g), which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. This provision has commonly become known as the "three strikes rule" or the "three strikes provision." The Court is aware that Plaintiff has filed at least three cases which were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Burgie v. Norris, et al.,* No. 5:05-cv00317-SWW (E.D. Ark. 2006); (2) *Burgie, et al. v. Hannah et al.*, No. 4:12-cv-0051-J (E.D. Ark. 2012); (3) *Burgie v. McDaniel, et al.,* No. 4:14-cv-00181-KGB (E.D. Ark. 2014); and (4) *Burgie v. Harris, et al.*, No. 5:06-cv-00258-BRW (E.D. Ark. 2008).

As set forth above, Plaintiff was given until February 16, 2021 to establish why § 1915(g) does not apply to this action or to pay the required filing fee. Plaintiff responded on February 4, 2021. (ECF No. 5). In his response, Plaintiff argues § 1915(g) is unconstitutional, specifically

2

arguing that the application of the three strike provision "will violate his right of access to the courts, which is part of the right to petition, including the right to free speech, all of which is protected by the 1st and 14th amendments of the U.S. Constitution." (ECF No. 5 at 3). Plaintiff further states that he has no other way to pay the filing fee because he is indigent. *Id*.

The constitutionality of § 1915(g) has been upheld by the Eighth Circuit Court of Appeals when similarly challenged in *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). According to the Court:

> Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strike rule is ever applied to them . . .
>
> Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front . . . . The indigent inmate who has three strikes also may file if he is under imminent danger of serious physical injury. We conclude that an inmate's right of access to the courts, as that right is defined in *Lewis v. Casey*, [518 U.S. 343 (1996)] is not impeded.

258 F.3d 797 at 800 (8th Cir. 2001) (internal citations omitted). Further, it has been held that § 1915(g) "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff also argues that § 1915(g) should not be applied under the imminent danger exception because "the corona virus (covid-19) is spreading fast and widely throughout the prison at EARU and EAR Max Unit, and Arkansas prisons in general." (ECF No. 5 at 7). A plaintiff who has at least three strikes may still proceed IFP if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See* 28 U.S.C. §1915(g) (providing that three-strikers

should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing," and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Further, multiple courts have found that general allegations regarding potential COVID-19 exposure are insufficient to establish "imminent danger" under the three-strike provision. *See e.g., Talbert v. Well Path*, Civil Action No. 20-3401, 2020 WL 4815828, at *2 (E.D. Pa. Aug. 19, 2020) (imminent-danger exception not met by plaintiff's "general allegations of exposure to other incarcerated people who may have, in turn, experienced exposure to COVID-19," or by "eventual or suspected [potential] development of a serious health condition"); *Littlejohn v. Whitmer,* No. 2:20cv112, 2020 WL 4581658, at *3 (W.D. Mich. Aug. 10, 2020) (exception not met where there were no confirmed COVID-19 cases in the plaintiff's prison unit, the department of corrections had taken "extraordinary measures" to limit the threat posed by COVID-19, the plaintiff's "highly limited" housing assignment "appear[ed] to be a form of social distancing," and the "mere fact that [he] was currently a prisoner" failed to show that he was "at any greater risk of contracting COVID-19 than the general public"); *Johnson v. Wilcher,* No. CV420-089, 2020 WL 2064935, at * 2 (S.D. Ga. Apr. 28, 2020) (exception not met despite the plaintiff's "proximity to other inmates that [had] tested positive for the disease and the failure of the Sheriff to provide masks, gloves, [or] disinfecting products"); *Jones v. Douglas County Jail,* No. 20-3091, 2020 WL 1492703, at *1 (D. Kan. Mar. 27, 2020) (exception not met by plaintiff's allegations that prison officials had failed to respond to inmate grievances requesting masks, and that another inmate had been exposed to COVID-19).

## III. CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's application to proceed IFP (ECF No. 2) should be denied. It is further recommended that if Plaintiff wishes to continue his case, he be ordered to pay the $350 filing fee and $52 administration fee, for a total of $402, within 30 days of the Court's order denying the application to proceed IFP.

Finally, it is recommended that it be certified that, pursuant to 28 U.S.C. § 1915(a)(3), an IFP appeal would not be taken in good faith.

IT IS SO ORDERED, this 9th day of February 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE